UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THE HANOVER INSURANCE COMPANY,

   *Plaintiff*,

v.                                CASE NO. 14-mc-50621

                                    MAGISTRATE JUDGE PATRICIA MORRIS

NORTHERN BUILDING COMPANY,

   *Defendant*.

_____/

**ORDER ON WRIT OF BODY ATTACHMENT**
**and NOTIFYING PARTY OF NEXT REQUIRED APPEARANCE**

Thomas VanDuinen ("VanDuinen"), of 1209 W. Washington, Alpena, Michigan, is before the Court pursuant to a Writ of Body Attachment after having been attached and brought to the nearest district court for failing to appear in Case No. 11 C 2020 in the United States District Court for the Northern District of Illinois. The Writ of Body Attachment was issued by the Northern District of Illinois on April 29, 2014, for VanDuinen's failure to appear at a show cause hearing on February 12, 2014. (N.D. Ill. Docs. 102, 105.)

A hearing was held under guidance provided by Fed. R. Crim. P. 5(c)(3), where an arrest is made in a district court other than where the offense was allegedly committed. Guided by subsection (D), the court finds that VanDuinen should be transferred to the Northern District of Illinois because the Writ of Body Attachment appears to be facially valid and reliable, and the court finds that VanDuinen is the person named in writ.

Accordingly, when VanDuinen is transferred and discharged, the clerk must promptly transmit the papers to the clerk in the district where the offense was allegedly committed, i.e., the Northern District of Illinois.

The Court contacted the Northern District of Illinois and informed VanDuinen that he is to appear before Hon. Elaine E. Bucklo, Courtroom 2243, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 on **MAY 29, at 10:00 a.m..**

Although the Court's duties at this stage are limited to conducting the identity hearing and transferring VanDuinen, the Court finds itself obliged to at least mention some issues for the Court exercising personal jurisdiction over Mr. VanDuinen to consider and determine.

The Court notes that the Writ of Body Attachment process is akin to a commitment for civil contempt, which allows the court to incarcerate or otherwise discipline the contemnor for a period of time or until he "purge[s]" himself of the contempt by complying with the original order. *Turner v. Rogers*, 131 S.Ct. 2507, 2516 (2011). The contemnor "'carr[ies] the keys of [his] prison in [his] own pockets,'" meaning he can stop any disciplinary action by fulfilling his obligations under the order he originally violated. *Id.* (quoting *Hicks v. Feiock*, 485 U.S. 624, 633 (1988)).

The validity of the process used in this case is not entirely clear. The Northern District of Illinois certainly had proper jurisdiction over Mr. VanDuinen for purposes of

holding him in contempt because the contempt action is "part of the original cause." *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 453-52 (1932). In other words, the Northern District did not have to again serve process on Mr. VanDuinen to establish its jurisdiction over him.

The potentially troubling issue in this case, however, is whether the federal court in the Northern District of Illinois had the authority to order the service of a commitment for civil contempt in Alpena, Michigan. The Federal Rules of Civil Procedure circumscribe a court's authority to issues service of such processes as civil commitments. *See* Wright & Miller, 4B *Fed. Prac. & Proc. Civ.* § 1129 (3d ed.) ("Several relatively old cases established the principle that commitment orders were 'process' and therefore were subject to the same territorial limitations as are other forms of civil process." (citing *Graber v. Graber*, 93 F. Supp. 281 (D.D.C. 1950)). Former Federal Rule of Civil Procedure 4(f) originally applied to civil contempt commitments and set down territorial limits on service of these orders. *Id.* Currently, FRCP 4.1(b) lays out similar limitations:

> An order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.

The Northern District of Illinois did not issue the order to enforce federal law because the court did not possess federal question subject matter jurisdiction. Instead, the Northern District of Illinois exercised subject matter jurisdiction based on diversity of the parties under 28 U.S.C. § 1332, and the complaint raised only claims that arose under

state law. *The Hanover Ins. Co. v. Northern Building Co.*, No 11-C-2020, slip op., at *4-8 (N.D. IL. Sept. 4, 2012). The writ of body attachment therefore fell under the second sentence of Fed. R. Civ. P. 4.1(b), which limits service of process to the state where the court is located or any other location within 100 miles of that court.[1]

Mr. VanDuinen was not in Illinois or within 100 miles of 219 South Dearborn Street, Chicago, Illinois 60604, when the United States Marshals served him with process in Alpena, Michigan. Consequently, Rule 4.1(b) did not authorize this service. In cases where the party is beyond the limits of appropriate service, many courts have held the service to be invalid or otherwise ineffectual. *Spectacular Venture, LP v. World Star Intern., Inc.*, 927 F. Supp. 683, (S.D. N.Y. 1996) (noting that because the case arose under state law, "any order of civil commitment in this case must be served in the State of New York or within 100 miles of the Courthouse"); *Graber*, 93 F. Supp. at 282 (holding that the judgment of commitment for civil contempt could "not be executed outside" of the rule's territorial limitations). Therefore, it is arguable that the process in this case was improper.

The show cause hearing in this case resulted from Mr. VanDuinen's failure to appear at a debtor's examination. This examination could be considered a proceeding supplementary to and in aid of the judgment or execution, thereby rendering Rule

---

[1] The 100 miles is measured from the courthouse itself. *See, e.g.*, *Landin v. E. Daskal Corp.*, 136 F.R.D. 363, 364 (S.D. N.Y. 1991) ("The Court takes judicial notice of the fact that Staggers resides . . . within 100 miles of Folely Square, New York, the location of this Court."); Dunn v. Stewart, 235 F. Supp. 955, 969 (D.C. Miss. 1964) ("'In those situations (including commitment for civil contempt) effective service can be made at points not more than 100 miles distant from *the courthouse* in which the action is commenced . . . .'" (quoting Advisory Committee Notes, 1963, Fed. R. Civ. Proc. 4(f))), *overruled on other grounds Stewart v. Dunn*, 364 F.2d 591 (5th Cir. 1966).

69(a)(2) applicable. Whether the show cause hearing itself aids in the execution of the judgment and thereby may be considered a proceeding supplementary to the judgment is also unclear.

Even if Rule 69 applies, there is a split of authority as to whether Rule 4.1 nonetheless applies because it functions as a "federal statute" for these purposes. Some courts hold that even for clear enforcement actions, such as serving a writ of garnishment, Rule 4.1 applies because it has the power of a federal statute. *See, e.g. Hilao v. Estate of Marcos*, 95 F.3d 848, 852-54 (9th Cir. 1996); *Schneider v. Nat'l Railroad Passenger Corp.*, 72 F.3d 17, 19-20 (2d Cir. 1995). Because Rule 4.1 does not specify all service requirements, these courts find that state law procedures fill in any gaps left by Rule 4.1. The Eastern District of Michigan, however, has held that Rule 4.1 does not apply when Rule 69 does. *Apostolic Pentecostal Church v. Colbert*, 173 F. R. D. 199, 202-03 (E.D. Mich. 1997). If Rule 69 applies, and state law may be used to effectuate process, Illinois procedure apparently allows for unrestricted service in supplementary proceedings, thereby rendering the service here satisfactory. I.L.C.S. S. Ct. Rule 277.[2]

Accordingly, this Court respectfully recommends that the Court in the Northern District of Illinois thoughtfully consider the potential issues above, leaving the resolution of these issues in the able hands of that Court.

---

[2] The Court also notes that the Plaintiff in this case also has the option to register and enforce the judgment in the federal district court where VanDuinen resides pursuant to 28 U.S.C. § 1963.

Mr. VanDuinen is hereby notified that he is required to appear before Hon. Elaine E. Bucklo, Courtroom 2243, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 on **MAY 29, at 10:00 a.m.**.

**IT IS SO ORDERED.**

Date:  May 15, 2014　　　　　　　　　　/S Patricia T. Morris
　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATION

　　　　I hereby certify that this Order was electronically filed this date, and personally served on Mr. VanDuinen.

Dated:  May 15, 2014　　　　　　　　　s/Jean L. Broucek
　　　　　　　　　　　　　　　　　　　Case Manager to Magistrate Judge Morris